UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-cv-12382-RGS


SERIES 15-09-321, a designated series of
MSP Recovery Series, LLC

v.

LIBERTY MUTUAL INSURANCE COMPANY, LM GENERAL
INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF
AMERICA, LIBERTY MUTUAL FIRE INSURANCE COMPANY, and
SAFECO INSURANCE COMPANY OF ILLINOIS


MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER
JURISDICTION AND FAILURE TO STATE A CLAIM

February 29, 2024

STEARNS, D.J.

Plaintiff Series 15-09-321, a designated series of MSP Recovery Series, LLC (MSP), seeks to collect on automobile insurance claims allegedly assigned to it by an unnamed Medicare Advantage Organization (MAO). MSP claims that the MAO made insurance payments to beneficiaries for which defendants Liberty Mutual Insurance Company, LM General Insurance Company, Safeco Insurance Company of America, Liberty Mutual Fire Insurance Company, and Safeco Insurance Company of Illinois are required to reimburse the MAO. But, MSP contends, defendants failed to

reimburse the MAO for thousands of payments it made.  MSP seeks, as the MAO's putative assignee, to recover for unreimbursed claims under 42 U.S.C. §§ 1395y (Counts I and II) and on a breach of contract theory (Count III).  It also seeks a declaratory judgment (Count IV) that: (1) Liberty Mutual must determine whether its insureds are covered by the MAO and, if so, coordinate benefits with the MAO; (2) Liberty Mutual must alert the MAO of its primary payer obligations; (3) the MAO is not required to submit a demand for reimbursement; and (4) statutory secondary payers are not required to strictly comply with any applicable no-fault statutes.

Defendants previously moved to dismiss MSP's initial Complaint, and in response, MSP filed its First Amended Complaint.  *See* Dkt. ## 8, 24.  Two days later, without seeking leave to do so, MSP filed what it called a "Corrected Amended Complaint," purporting to fix "significant formatting and numbering issues" in the First Amended Complaint.  Dkt. # 26.  Defendants moved to strike this pleading.  Dkt. # 27.  Before the court ruled on the motion to strike, MSP moved to withdraw the Corrected Amended Complaint and for leave to file the operative Corrected First Amended Complaint (CFAC), which the court allowed.  Dkt. ## 30, 32.  Because the CFAC supersedes the initial Complaint, defendants' earlier motion to dismiss (Dkt. # 8) is denied as moot.  *See Kolling v. Am. Power Conversion Corp.*,

347 F.3d 11, 16 (1st Cir. 2003).  And, as MSP has withdrawn the Corrected
Amended Complaint, defendants' motion to strike (Dkt. # 27) is also denied
as moot.

Now before the court is defendants' motion to dismiss MSP's CFAC.
The court will allow the motion without prejudice.

## BACKGROUND

Medicare is the federal health insurance program for individuals 65
and older.  Most Medicare beneficiaries receive their benefits directly from
the government through Medicare Parts A and B.  However, beneficiaries
may enroll in a Medicare Advantage Plan to receive benefits from private
insurers called MAOs.  These Plans provide the same benefits that the
beneficiary would receive under Parts A and B.  Approximately 40% of
Medicare beneficiaries participate in a Medicare Advantage Plan.

The Medicare Secondary Payer Act, 42 U.S.C. § 1395y (the Act),
amended the Social Security Act to make Medicare (or MAOs) the "secondary
payer" where the beneficiary is enrolled in a "primary plan[,]" such as a group
health plan, automobile insurance policy, or no-fault insurance policy.  This
means that while the primary plan is supposed to foot a beneficiary's bill,
Medicare, as the secondary payer, may make conditional payments "if a
primary plan . . . has not made or cannot reasonably be expected to make

payment . . . promptly."   42 U.S.C. § 1395y(b)(2)(B)(i).   But a conditional payment does not let the primary plan off the hook; it is required to later reimburse the secondary payer.   *Id.*   If the primary plan fails to reimburse a conditional payment, the Act permits the federal government or private plaintiffs to sue.   *Id.* § 1395y(b)(3)(A).   Centers for Medicare & Medicaid Services regulations clarify that MAOs have the same recovery rights under the Act as the government or private plaintiffs.   *See* 42 C.F.R. § 422.108(f).

That is what brings MSP here: it seeks to recover "thousands" of conditional payments made by the MAO assignor that it claims defendants, as primary plans, failed to reimburse.   Corrected Am. Compl. (Dkt. # 38) (CFAC) ¶ 93.

## DISCUSSION

"If a party lacks standing to bring a matter before the court, the court lacks jurisdiction to decide the merits of the underlying case."   *United States v. AVX Corp.*, 962 F.2d 108, 113 (1st Cir. 1992).   A party moving to dismiss under Rule 12(b)(1) may lodge either a facial or factual challenge to the court's subject matter jurisdiction.   *See Torres-Negron v. J&N Records, LLC*, 504 F.3d 151, 162 (1st Cir. 2007).   A facial challenge, such as the one here,[1]

---

[1] Defendants do not affirmatively state whether they are raising a factual or facial jurisdictional challenge.   However, because they repeatedly

"accepts the plaintiff's version of jurisdictionally-significant facts as true and addresses their sufficiency." *Valentin v. Hosp. Bella Vista.*, 254 F.3d 358, 363 (1st Cir. 2001). The court accepts as true only MSP's well-pleaded factual allegations and does not credit "statements in the complaint that merely offer legal conclusions couched as facts." *Soto-Torres v. Fraticelli*, 654 F.3d 153, 158 (1st Cir. 2011). Where, as here, the court is tasked with deciding motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it must resolve the jurisdictional dispute before reaching the merits because "if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest." *Deniz v. Mun. of Guaynabo*, 285 F.3d 142, 149-150 (1st Cir. 2002).

The "irreducible constitutional minimum" in any federal case is that the plaintiff has Article III standing, meaning (1) the plaintiff has suffered an "injury in fact," (2) the injury is "fairly traceable" to defendants' challenged conduct, and (3) it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Nulankeyutmonen Nkihtaqmikon v. Impson*, 503 F.3d 18, 26 (1st Cir. 2007), quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 (1992). "Lawsuits by assignees . . . are 'cases and

---

refer to pleading inadequacies and do not challenge the factual basis for MSP's claims, the court treats it as a facial challenge.

controversies of the sort traditionally amenable to, and resolved by, the judicial process.'" *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 285 (2008), quoting *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 777 (2000).

MSP theorizes that it has adequately plead standing because the MAO validly assigned it the unreimbursed claims at issue in this case, so it has suffered a monetary injury in fact that is fairly traceable to defendants' failure to reimburse the MAO. *See* CFAC ¶¶ 79-81, 84. However, because MSP has failed to plead the existence of a valid assignment contract with the MAO, it stumbles on the injury-in-fact requirement.

The validity of a written contract is a question of law. *See Schwanbeck v. Fed.-Mogul Corp.*, 412 Mass. 703, 709 (1992); *E.H. Ashley & Co., Inc. v. Wells Fargo Alarm Servs.*, 907 F.2d 1274, 1277 (1st Cir. 1990). MSP's legal conclusion that it "has the legal right to pursue its MSP Act claim pursuant to a valid assignment agreement," CFAC ¶ 78, is thus afforded no weight. *See Soto-Torres*, 654 F.3d at 158. "It is axiomatic that to create an enforceable contract, there must be an agreement between the parties on the material terms of that contract." *Situation Mgmt. Sys., Inc. v. Malouf, Inc.*, 430 Mass. 875, 878 (2000). Fundamental to this axiom is that the *parties* to the contract must be definite. At the pleading stage, this requires MSP to plead

6

sufficient facts that a valid contract existed by pleading the essential terms of the contract.   MSP does not identify the other party to the purported assignment agreement and thus has failed to allege the existence of a valid contract.  *See, e.g.*, *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharms., Inc.*, 281 F. Supp. 3d 1278, 1283 (S.D. Fla. 2017); *see also* 6A Charles Alan Wright et al., Federal Practice & Procedure § 1545 (3d ed. 2023) (the court must "assure itself that a valid assignment has been made" before obtaining jurisdiction over claims allegedly assigned to party).  And because it has failed to plead that a contract exists, it has failed to demonstrate it has standing to pursue any sums under the contract.[2]

MSP attempts to excuse its failure to identify the MAO by alleging that it is required to keep the MAO's identity confidential pursuant to a data service agreement.  *See* CFAC ¶ 78 n.12.  It notes that "[s]hould the court deem it necessary, Plaintiff will disclose its MAO Assignor's identity, but

---

[2] The three cases that MSP cites from other sessions of the court to argue it has sufficiently pled standing – *MSP Recovery Claims Series 44, LLC v. Bunker Hill Ins. Co.*, 2023 WL 4744739 (D. Mass. July 25, 2023); *MSP Recovery Claims, Series 44 LLC v. Hanover Ins. Grp. Inc.*, 2023 WL 6160457 (D. Mass. Sept. 21, 2023); and *MSP Recovery Claims, Series LLC v. Plymouth Rock Assurance Corp.*, 404 F. Supp. 3d 470 (D. Mass. 2019) – are inapposite.  In each case, the plaintiff alleged the identity of the assignor (and all other essential terms of the agreement), so it adequately plead the existence of a valid agreement.  And, in *Plymouth Rock*, the plaintiff attached the assignment agreement to its complaint, bolstering the existence of a valid agreement.

would request that the identity be disclosed under seal." *Id.*  Yet MSP did not move to file a sealed or redacted complaint identifying the MAO.

"[A] dismissal for lack of Article III standing must operate without prejudice." *See Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 736 (1st Cir. 2016).  The court thus allows the motion to dismiss for lack of subject matter jurisdiction without prejudice and grants MSP leave to amend the CFAC to include the identity of the MAO assignor and/or attach the assignment agreement.

## ORDER

For the foregoing reasons, defendants' renewed motion to dismiss is <u>ALLOWED WITHOUT PREJUDICE</u>.  MSP may file an amended complaint within 14 days of this Order.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE